IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-03-335 (1) |
| | § | C.A. No. C-05-295 |
| ELIAS CHAPA-GUTIERREZ, | § | |
| | § | |
| Defendant-Movant. | § | |

### ORDER RECHARACTERIZING MOTION TO VACATE
### AS A MOTION TO REINSTATE APPEAL,
### ORDER TRANSFERRING MOTION TO FIFTH CIRCUIT,
### AND ORDER APPOINTING COUNSEL

It is the rare case in which the government moves to **grant** a § 2255 motion filed by a criminal defendant, but the instant matter is just such a case. The parties agree that Movant Elias Chapa-Gutierrez ("Chapa") was denied effective assistance of counsel due to his retained counsel's failure to follow through on his direct appeal. Chapa's retained appellate counsel, Joseph A. Connors ("Connors"), has filed a § 2255 motion on Chapa's behalf, with Chapa's permission, and has explained the circumstances that resulted in the dismissal of Chapa's appeal for failure to prosecute. (D.E. 43).

For the reasons set forth herein, the Court recharacterizes the motion to vacate as a motion to reinstate Chapa's direct appeal, and transfers the motion to the Fifth Circuit for resolution. Additionally, the Court finds that Chapa is financially eligible for appointed counsel on direct appeal. Thus, Mike Hummel is hereby substituted for Connors to represent Chapa in his direct criminal appeal.

### BACKGROUND

On January 14, 2004, Chapa was charged in a three-count superseding indictment with three

counts of transporting undocumented aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 1324 (a)(1)(B)(ii). (D.E. 18). After a jury trial, the jury returned a guilty verdict as to counts one and two and a verdict of not guilty as to count three. (D.E. 31). Chapa was sentenced by this Court on April 22, 2004, to 33 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term. The Court also imposed a $200 fine and a $200 special assessment. (D.E. 36, 37). Judgment was entered April 29, 2004. (D.E. 37). Chapa timely appealed. (D.E. 38). His appeal was dismissed by the Fifth Circuit on June 10, 2004, because he had failed to timely order the transcript and make financial arrangements with the court reporter. (D.E. 39).

Chapa was originally represented by appointed counsel Edward F. Garza, but was required to pay $1500 toward his attorneys' fees. (See docket entries dated November 7, 2003). On December 3, 2003, Chapa moved to substitute retained counsel Oscar Alvarez in place of Mr. Garza as his attorney, and the motion was granted. (D.E. 3, 4, 5).[1] Mr. Alvarez represented Chapa throughout his trial and sentencing.

As noted, Chapa's notice of appeal was filed *pro se.* In the § 2255 motion, attorney Joseph Connors explains that he was retained on June 4, 2005, six days before the dismissal of Chapa's appeal, to represent Chapa on appeal, but that "he failed both to pay the court reporter's expenses and to file a motion with the Fifth Circuit to reinstate the appeal." (D.E. 43 at ¶ 25).

While Connors' history of the events and communications between him and Chapa is quite detailed, only the highlights are described herein.[2] First, Connors was approached by the family about

---

[1] Mr. Ronald Barroso was also added as attorney, and represented Chapa at his arraignment on December 3, 2003.

[2] All of this information is contained within the signed motion at pages 7-16. (See D.E. 43).

2

representing Chapa on appeal in early May, 2004. He explained that he would charge a fee of $5,000 for the appeal, and that Mr. and Mrs. Chapa would additionally have to pay all costs, fees and expenses on appeal. On June 4, 2004, Mrs. Chapa left $3,000 at the law office of Connors as a "down payment" of the sought fees, and signed an employment contract on the same date.

On June 15, 2004, Connors paid the filing fee for the appeal. He learned on August 20, 2004 that the appeal had been dismissed and did not confirm that fact until nearly a month later on September 15, 2004. Shortly thereafter, he filed a transcript request form. However, having not received the additional funds from the Chapa family, Connors continued to have conversations with different family members in a drawn-out effort to determine whether Chapa wanted to continue or drop his appeal. On March 4, 2005, he was told by Mrs. Chapa that she would borrow the additional money and bring it to Connors' office the next afternoon. She did not do so. At no point during this time-frame did Connors move the Fifth Circuit to reinstate the appeal.

As of late April 2005, Connors avers that it "became apparent" to him that Chapa and his family were too poor to pay all the contracted moneys necessary to pursue the appeal.[3] Connors claims that had he known or been told by a knowledgeable person before May 18, 2005 that Chapa could not afford the costs of the transcript or his remaining fees, he would have "taken the necessary steps" to notify the Court of Appeals or the district court of that problem long before June 9, 2005. (D.E. 43 at 11). Instead, Connors apparently contacted Chapa about filing a § 2255 motion on his behalf and received permission to do so.

On June 9, 2005, the Clerk received Chapa's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which was not signed by him, but which was signed by Connors on his behalf.

---

[3] Connors later states that he "seriously suspected" the Chapa family's indigence in April 2005. (D.E. 43 at 16).

3

(D.E. 42). On June 13, 2005, the Clerk received what appears to be an identical copy of the motion, except that it is signed by both Connors and Chapa. (D.E. 43). The Court ordered the United States to respond, and the United States filed a response and a motion to grant the relief requested. (D.E. 48, 49).

## ANALYSIS

**A.     Motion to Vacate**

Based on the facts set forth above, the Court finds that the record provides ample evidence showing that Chapa was denied his direct appeal due to receiving ineffective assistance of counsel. See Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000) ("when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal"). Indeed, the parties are in agreement on this point.

The more difficult question is how to remedy this problem. The government and Connors both urge the Court to simply grant Chapa's § 2255 motion, and reinstate the judgement, so as to provide him an out-of-time appeal. It is clear that the Court could order such relief. See United States v. West, 240 F.3d 456, 459 (5th Cir. 2001)("when leave to file an out-of-time appeal is granted, the district court should *reinstate* the criminal judgment to trigger the running of a new Rule 4(b) appeal period")(emphasis in original). Nonetheless, the Court declines to proceed in that fashion.

Specifically, the Court is concerned about the fact that Connors may not have adequately protected rights that Chapa has to bring a § 2255 motion. The only claim that Connors has raised in the § 2255 motion filed on Chapa's behalf is an ineffective assistance claim for failure to appeal. It is possible that, by his action, he may have sacrificed any other potential claims that Chapa may have.

4

See United States v. Orozco-Ramirez, 211 F.3d 862, 867-69 (5th Cir. 2000) (where a first § 2255 asserts a failure of counsel to appeal and results in an out-of-time appeal, claims that could have been raised in that motion, but were not, are barred from being brought in a later § 2255 proceeding because they are "second or successive").

Put differently, if this Court were to treat Chapa's motion as a § 2255 motion and to grant an out-of-time appeal, Chapa would be barred in the future from bringing any other claims that he could have brought in his first § 2255 motion, but that Connors failed to assert. Orozco-Ramirez, 211 F.3d at 869. The Court refuses to contribute to any such possible prejudice, particularly in light of Connors' own admission that he rendered ineffective assistance in an earlier phase of this case. Accordingly, rather than treating the motion as a § 2255 motion which could result in the loss of Chapa's other potential § 2255 claims, the Court construes it as a motion to reinstate the appeal.[4] So construed, the motion should be directed to the appellate court, not this Court. Thus, the Court transfers the motion to the Fifth Circuit for resolution.

### B.     Motion for Appointed Counsel

Chapa's motion also asserts that he is indigent and requests that counsel be appointed to represent him on appeal. In support of this request, he has provided information from his place of incarceration showing that he has a balance of $9.47 in his inmate trust fund. He further asserts that he has no other assets or funds with which to pay an attorney. Based on this information, the Court

---

[4] The Court recognizes that there is no constitutional right to counsel in § 2255 proceedings, and, accordingly, no constitutional claim that Chapa is being denied effective assistance of counsel in his § 2255 proceedings. See Pennsylvania v. Finley, 481 U.S. 551 (1987) (a criminal defendant has no constitutional right to counsel in collateral proceedings); Wainwright v. Torna, 102 S. Ct. 1300, 1301 (1982) (no claim of ineffective assistance of counsel will lie where there is no right to counsel). Nonetheless, the Court does not see any reason to contribute to *any* possible prejudice, whether of a constitutional magnitude or not. Recharacterization of the motion as a motion to reinstate the appeal will alleviate any prejudice that may work against Chapa as a result of Connors' failures.

concludes that he is entitled to appointed counsel.

Although Connors has expressed an interest in representing Chapa on appeal, the Court believes that the interests of justice warrant appointment of new counsel, particularly in light of Connors' admitted failures in this case.  While a criminal defendant is generally entitled to *retain* the counsel of his choosing, see United States v. Hughey, 147 F.3d 423, 429 (5th Cir. 1998), Chapa's motion seeks *appointed* counsel to represent him.  A defendant is not entitled to a particular lawyer when he cannot afford that lawyer.  See id. at 428 "The Sixth Amendment right to counsel of choice is limited, and protects only a paying defendant's fair or reasonable opportunity to obtain counsel of the defendant's choice").  In this case, Chapa is seeking appointed counsel and the Court believes Chapa should be appointed new counsel, who can review his case anew for all possible claims on appeal.

Accordingly, Connors' appearance in Chapa's criminal case is withdrawn, and Mike Hummel is appointed to assist Chapa in obtaining the reinstatement of his appeal, and to represent him in his direct appeal.  Additionally, this Court will leave in the hands of the Fifth Circuit what action, if any, should be taken against Connors as a result of his failure to pursue Chapa's appeal.  This Court is particularly troubled by Connors' apparent retention of at least a large portion of the funds paid by Chapa's family, despite his failure to pursue the appeal.  (See D.E. 43 at 12, 15)(indicating that he has left in his trust account only $245 of the $3,000 received from Chapa's family and has pocketed $2500 of it as reasonable attorneys' fees for his work).  Nonetheless, this Court believes that is an issue for the Fifth Circuit since the actions occurred in connection with Chapa's appeal.

## CONCLUSION

For the foregoing reasons, Chapa's motion to vacate pursuant to 28 U.S.C. § 2255 (D.E. 42,

43) is hereby recharacterized as a motion to reinstate his direct appeal and is transferred to the Fifth Circuit for resolution by that Court. Thus, the Clerk is directed to send a copy of his motion (D.E. 43) and this Order to the Fifth Circuit.

Additionally, Mike Hummel, (361) 883-3563, is hereby appointed to substitute for and replace Joseph A. Connors as Chapa's counsel of record in his direct appeal. Copies of this order shall also be sent to Mr. Connors, to Mr. Hummel, and directly to Mr. Chapa-Gutierrez at his current place of incarceration.

ORDERED this 13th day of September 2005.

_____
Janis Graham Jack
United States District Judge